**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2018[*]
Decided July 26, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1643

| | |
|---|---|
| BORIS MUDD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:16-cv-221 |
| CITY OF FORT WAYNE, et al., *Defendants-Appellees.* | James T. Moody, *Judge.* |

**O R D E R**

After Boris Mudd pleaded guilty to drunk driving, he sued several defendants, including the City of Fort Wayne, under the Fourth and Fourteenth Amendments, as well as various state laws. The district court entered summary judgment because Mudd did not present evidence to support the only argument that he made in opposition to

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

the defendants' motions: that the individuals who violated his rights did so pursuant to an actual or de facto policy of the City. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978). On appeal Mudd raises a different argument; the defendants have asserted waiver correctly, and they are also right on the merits.

Jason Fuhrman, a Fort Wayne police officer driving in an unmarked sedan, initiated a traffic stop after watching Mudd swerve and speed multiple times. Once Mudd pulled over, Fuhrman smelled alcohol on his breath, noticed his unsteady gait, and heard his slurred speech. So Fuhrman arrested and handcuffed Mudd, and transported him to jail for a test to determine his blood-alcohol level. Mudd refused to take the test, even after a prosecutor obtained a warrant. After being charged with operating a vehicle while intoxicated, Mudd pleaded guilty.

Mudd later brought this suit under 42 U.S.C. § 1983 against the City of Fort Wayne, the Fort Wayne Police Department, Fuhrman, the Sheriff, the prosecutor, and the judge who signed the warrant. He alleged that all defendants violated his rights under the Fourth and Fourteenth Amendments. Moreover, Mudd asserted, Fuhrman committed battery, malicious prosecution, intentional infliction of emotional distress, and violated Indiana Code § 9-30-2-2 by arresting Mudd while displaying no physical signs that he was a police officer.

After the district court dismissed the prosecutor and judge on absolute-immunity grounds, the remaining defendants moved for summary judgment. Fuhrman declared that he was wearing his police uniform when he arrested Mudd, so, he argued, he satisfied the requirements of § 9-30-2-2. That law mandates that an officer drive a marked police vehicle or wear a distinctive uniform before arresting a person for violating a traffic law. IND. CODE § 9-30-2-2(1), (2). The defendants contended that probable cause existed to arrest Mudd, Fuhrman's handcuffing of Mudd was not excessive force or a battery, and that Mudd's guilty plea precluded any malicious-prosecution or equal-protection claim. They also argued that because Mudd did not point to a policy or custom, his *Monell* claim failed as a matter of law. Mudd's response was only to argue that certain defendants "implemented and executed an (OWI) policy," thus violating Indiana Code § 9-30-2-2.

The judge granted the defendants' motions for summary judgment, noting that Mudd's failure to address any of their arguments except for those targeting his *Monell* claim meant that all other claims were abandoned. And Mudd's *Monell* claim failed

because he did not put forth evidence of a municipal policy or custom that caused a deprivation of his constitutional rights.

On appeal, Mudd attempts to revive his claim that because Fuhrman was driving an unmarked vehicle, the arrest did not comply with the requirements of § 9-30-2-2 or the Fourth Amendment. Even if Mudd had preserved this argument, his claim would fail on the merits. The undisputed fact is that even though Furhman's car was unmarked, he was still wearing his police uniform, and therefore did not violate the requirements of § 9-30-2-2. And the supposed violation of a state law does not provide a basis for a Fourth Amendment claim. *See Virginia v. Moore*, 553 U.S. 164, 176 (2008). Moreover, regardless of whether the Indiana law was violated, Mudd cannot recover damages under § 1983 because that statute protects "plaintiffs from constitutional violations, not violations of state laws." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

Mudd does not press his other claims—including the *Monell* claim that was the centerpiece of his argument in the district court—so we do not address them further.

AFFIRMED